IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00021-CV

 

In
the Estate of James H. Rice, Deceased,

                                                                                    

 

 



From the County Court

McLennan County, Texas

Trial Court No. 2003-0437-PR1

 



order of referral to mediation



 








            The Legislature has provided
for the resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The
policy behind ADR is stated in the statute: “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. § 154.002 (Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory
but non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this appeal is
appropriate for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

            The parties are ordered to
confer and attempt to agree upon a mediator.  Within fourteen days after the
date of this Order, Appellants are ordered to file a notice with the Clerk of
this Court that either identifies the agreed-upon mediator or states that the
parties are unable to agree upon a mediator.  If the notice states that the
parties are unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within
sixty days after the date the above-referenced notice agreeing to a mediator is
filed or, if no mediator is agreed upon, within sixty days after the date of
the order assigning a mediator.

            No less than seven calendar
days before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be
present during the entire mediation process, and each corporate party must be
represented by a corporate employee, officer, or agent with authority to bind
the corporate party to settlement.

            Immediately after mediation,
the mediator must advise this Court, in writing, only that the case did or did
not settle and the amount of the mediator’s fee paid by each party.  The
mediator’s fee will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
the parties must each pay the agreed-upon fee directly to the mediator.

            Failure or refusal to attend
the mediation as scheduled may result in the imposition of sanctions, as
permitted by law.  If Appellant James Rice, Jr. fails to attend the
mediation, this appeal will be dismissed.  See Tex. R. App. P. 42.3(b), (c).

            Any objection to this Order
must be filed with this Court and served upon all parties within ten days after
the date of this Order, or it is waived.

            We refer this appeal to
mediation.

 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Davis, and

        Justice
Scoggins

Order
issued and filed April 20, 2011

Do
not publish

 






der:none;
mso-border-top-alt:double windowtext 2.25pt;mso-border-bottom-alt:double windowtext 2.25pt;
padding:0in;mso-padding-alt:10.0pt 0in 10.0pt 0in'>MEMORANDUM 
Opinion



 

Appellant failed to serve a copy of the notice of appeal on the other
parties to this proceeding.  The Clerk of
this Court notified Appellant that the appeal may be dismissed for failure to
comply with the requirements of the Rules of Appellate Procedure if the notice
of appeal was not properly served and proof of service filed with the Court
within 10 days.  See Tex. R. App. P. 42.3(a).  Appellant has failed to comply.  Accordingly, the appeal is dismissed.

PER CURIAM

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed September 8, 2004

[CV06]